NO. 07-05-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 13, 2005

_____

SIPRIANO GUTIERREZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15466-0404; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Sipriano Guitierrez Jr. appeals from his convictions by jury trial for the offenses of aggravated sexual assault of a child and indecency with a child. We affirm.

On March 22, 2005, appellant was found guilty by jury trial of aggravated sexual assault of a child and indecency with a child. The jury assessed ten years confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of

aggravated sexual assault and five years confinement for the offense of indecency with a child. Appellant filed notice of appeal.

Counsel for appellant has filed a Motion to Withdraw and a supporting brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In support of the Motion to Withdraw, counsel has certified that the record has been diligently reviewed. The brief discusses the factual and procedural history of the case as well as the evidence presented and identifies arguments that may be advanced on appeal, in conformity with counsel's obligation to support the appeal to the best of his ability. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). Appellate counsel raises legal and factual sufficiency as potential issues; however, in counsel's review of the record, he determines that the evidence was sufficient to support the convictions. If the only theories that the attorney can discover after this conscientious review of the record and the law are "arguments that cannot conceivably persuade the court," then the appeal should be considered frivolous. Id. In the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In addition, counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. See id. at 646-47. Appellant has not filed a response to counsel's motion and brief.

However, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). In addition to the issues already presented by appellate counsel, our review reveals that appellant's trial counsel did not object to testimony elicited from witnesses that referred to another incident that could have potentially prejudiced the jury. Thus appellate counsel could have also raised ineffective assistance of counsel for the failure to timely object to the testimony of the extraneous offense during the guilt-innocence portion of the trial.

A criminal defendant has a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex.Crim.App. 1986). Under the two prong test laid out in Strickland and adopted in Hernandez, counsel is ineffective if (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance the result of the proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. However, there is a strong presumption that trial counsel's performance was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992). The adequacy of representation is based upon the totality of the representation rather than by isolated acts

3

or omissions of trial counsel.  <u>Garcia v. State</u>, 887 S.W.2d 862, 880 (Tex.Crim.App. 1994). In this particular case, trial counsel for appellant may not have objected to testimony of the extraneous offense as part of sound trial strategy.  <u>See</u> <u>Jackson v. State</u>, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  A review of the record reveals that appellant sought an expert witness regarding a medical condition of the victim, and that appellant questioned witnesses as to the delay in the victim's outcry.  Without an explanation underlying counsel's decision not to object to evidence of the extranous offense and to focus on the delayed outcry, we cannot conclude that trial counsel provided ineffective assistance of counsel.  <u>Id</u>.  After our independent review, we agree with appellate counsel that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted.  The judgment of the trial court is affirmed.

Mackey K. Hancock<br>
Justice

Do not publish.